United States District Court
Southern District of Texas
FILED

FEB 11 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | NO. C-00-059 |
| FOR THE USE AND BENEFIT OF | § | |
| SWIFT AIR CONDITIONING, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| STC CONSTRUCTORS, L.L.C., AND | § | |
| AMWEST SURETY INSURANCE | § | |
| COMPANY | § | |

## COMPLAINT

NOW COMES PLAINTIFF, by and through the undersigned attorneys, and alleges as follows:

### NATURE OF ACTION

1. This action is brought by SWIFT AIR CONDITIONING, INC. (hereinafter "Swift Air") to recover monies due and owing from STC CONSTRUCTORS, L.L.C. (hereinafter "STC") and AMWEST SURETY REINSURANCE COMPANY (hereinafter "Amwest") for labor and materials furnished to STC for repairing water damage to Housing Units FY66 Family Houses at Naval Air Station, Corpus Christi, Texas, Project Number N62467-98-C-9385. Count I of this action is brought by Swift Air against STC and Amwest to recover damages for breach of contract. Count II of this action is brought by Swift Air against STC and Amwest to recover the value of benefits conferred by Swift Air upon STC and Amwest on a *quantum meruit* basis. Count III of this action is brought by Swift Air, as Use Plaintiff under the Miller Act, 40 U.S.C. 270 et seq., for payment under the payment bond provided by Amwest.

### PARTIES

2. Use Plaintiff Swift Air is a Texas corporation with its principal place of business at

2101 Leopard, Nueces County, Texas.

3.	Defendant, STC Constructors, L.L.C. is a Texas corporation, and may be served with summons and complaint by serving its registered agent Mary L. Arana-Johnson, 1903 North Port Avenue, Corpus Christi, Texas 78401.

4.	Defendant Amwest Surety Insurance Company is a surety or trust company licensed and authorized to act as surety or guarantor of bonds and undertakings pursuant to the United States Miller Act, 40 U.S.C. 270a-270d for the projects described above. Amwest Surety Insurance Company is a corporation organized and existing under and by virtue of the laws of the State of Texas, and may be served with citation by serving its registered agent Randy Adler at 500 South Ervay Street, Suite 420A, Dallas, Texas 75201.

## JURISDICTION

5.	Jurisdiction for Counts I to IV is conferred upon this Court by the Miller Act, 40 U.S.C. §§207a-207d.

6.	Venue for Count III of this action properly rests in the Southern District of Texas, Corpus Christi Division, under 40 U.S.C. §§270b(b) for the repair of water damage Housing Units FY66 Family Housing project at Naval Air Station Corpus Christi, Texas, providing venue in the United States District Court for any District in which the contract was performed.

7.	Additionally, jurisdiction for Counts I, II and IV is conferred upon this Court under the doctrine of pendent jurisdiction and pursuant thereto Swift Air would show that, although the causes of action of Swift Air against STC and Amwest as set forth in Counts I, II and IV are separate and independent causes of action between Swift Air and the Defendants, the claims set forth therein are based on the same operative facts set forth below, and as a matter of convenience and fairness to the parties hereto, this Court should assume and exercise jurisdiction over Count IV of Use

Plaintiff's Original Complaint. Swift Air requests and so moves the Court to assume such jurisdiction in order that the whole case may be tried at one time.

8. Prior to the agreement between Swift Air and STC, Swift Air believes and therefore alleges that the UNITED STATES OF AMERICA and Defendant STC entered into a written agreement for the repair of water damage to the housing units, FY66 Family Housing, at the Naval Air Station, Corpus Christi, Texas for a consideration in excess of Two Hundred Twenty One Thousand Six Hundred Seventeen Dollars ($221,617.00) through the Department of the Navy, Southern Division, Naval Facilities Engineering Command.

9. Thereafter, on the 13th day of November, 1998, Swift Air entered into a Subcontract Agreement under which Swift Air agreed to perform labor and furnish materials to complete repairs of water damage to the housing units at the Naval Air Station at Corpus, Texas. A true and correct copy of the Subcontract Agreement is attached hereto at Exhibit "A."

10. Swift Air furnished the materials and labor described in Exhibit "A" as required and used best efforts in diligently performing all conditions in fulfilling its obligations under the Subcontract Agreement.

11. STC has breached its contract with Swift Air by, among other things, failing to make proper payments to Swift Air for labor and materials furnished.

12. At the present time, the total unpaid amount of the contract, properly adjusted for any modifications, is Two Hundred Twenty One Thousand Six Hundred Seventeen and No/100 Dollars ($221,617.00).

13. Swift Air has made demand upon STC for payment but STC has refused to pay Swift Air. More than thirty (30) days have elapsed since the demand was made.

WHEREFORE, Swift Air demands judgment against Defendant, STC in the sum of Two

Hundred Twenty One Thousand Six Hundred Seventeen and No/100 Dollars ($221,617.00) plus applicable statutory and Contract Disputes Act interest, costs and attorney's fees.

## COUNT II

14. The allegations contained in Paragraphs 1 through 13 are reiterated and reaffirmed as fully as though set forth herein.

15. By furnishing labor and materials to STC under the aforesaid circumstances, Swift Air is entitled to be compensated.

16. The reasonable value of the labor and materials furnished to STC for the repair project, which remains unpaid as of this date is One Hundred Twenty Nine Thousand One Hundred Ninety Seven and 57/100 Dollars ($129,197.57).

WHEREFORE, Swift Air demands judgment against Defendant, STC, in the sum of One Hundred Twenty Nine Thousand One Hundred Ninety Seven and 57/100 Dollars ($129,197.57) plus applicable statutory and Contract Disputes Act interest costs and attorneys' fees.

## COUNT III

17. The allegations contained in Paragraphs 1 through 16 are reiterated and reaffirmed as though fully set forth herein.

18. Pursuant to 40 U.S.C. §270a, Amwest executed and delivered a performance and payment bond to the UNITED STATES OF AMERICA wherein STC, as principal, and Amwest, as surety, under Bond No. 1366587, for the repair of water damage to housing units, FY66 Family Housing Subcontract No. 98-8005-15-01, bound themselves jointly and severally for the protection of all persons supplying labor and material in the performance of the work on the project at the Naval Air Station at Corpus Christi, Texas.

19. Swift Air supplied labor and material at the request of and by virtue of a contract and

purchase order agreements with STC for the repair of water damage to housing Units FY66 Family Housing Project at the Naval Air Station at Corpus Christi, Texas. After allowing appropriate credit for all payment made to Swift Air pursuant to its contract and purchase order agreements with STC of said repair project, there remains unpaid to Swift Air for said project the sum of One Hundred Twenty Nine Thousand One Hundred Ninety Seven and 57/100 Dollars ($129,197.57).

20.     The Defendant STC has failed and refused to pay to Use Plaintiff Swift Air the sum of One Hundred Twenty Nine Thousand One Hundred Ninety Seven and 57/100 Dollars ($129,197.57) before the expiration of ninety (90) days after the day on which the last of the labor and material were furnished or supplied by Swift Air, for which claim is hereby made.

21.     This suit has been commenced within one (1) year from the date upon which the last of the material was supplied by Swift Air.

22.     The contract between STC and the United States of America was to be performed in Corpus Christi, Nueces County, Texas and all of the labor and material were supplied by Swift Air within the Southern District of Texas, Corpus Christi Division.

## COUNT IV

### Pendente State Claim

23.     Swift Air has been required to bring suit for the collection of the monies owed to it by reason of the failure and refusal of 1 STC and Amwest to honor their lawful obligations to Swift Air.

24.     Use-Plaintiff Swift Air is a third-party beneficiary of the contract of suretyship as required by 40 U.S.C. §§270a-270e1 and is entitled to seek recovery from STC and Amwest, jointly and severally under Section 38.01 et seq. of the Texas Civil Practices and Remedies Code.

25.     Use-Plaintiff Swift Air falls into the "class of person" intended to be protected by the

statutorily required insurance under 40 U.S.C. §§270a-270e in that Use-Plaintiff is an intended beneficiary of the statutorily-required surety bond.

26. All conditions precedent to the right of recovery of attorneys' fees have taken place or occurred.

27. Use-Plaintiff Swift Air has agreed to pay the undersigned attorney a reasonable fee for his services and therefore seeks to recover such amounts from STC and Amwest, which sum is believed to be in the reasonable amount of at least Twenty Five Thousand and no/100 Dollars ($25,000.00) for the preparation and trial of this case in the United States District Court, and additional amounts in the event of an appeal to the U.S. Circuit Court of Appeals and U.S. Supreme Court, in which event, such additional fees should be no less than the reasonable amount of Fifty Thousand and No/100 Dollars ($50,000.00) for the U.S. Circuit Court of Appeals and a like amount in the event of an appeal to the U.S. Supreme Court.

WHEREFORE, Swift Air demands judgment against Defendants STC and Amwest, jointly and severally, for Three Hundred Fifty Thousand Eight Hundred Fourteen and 57/100 Dollars ($350,814.57), plus applicable statutory and Contract Disputes Act interest, costs and attorneys' fees.

By: _____
Simon B. Purnell
State Bar No. 24003889
Federal I.D. No. 23509

LEAD, COUNSEL FOR PLAINTIFF

Of Counsel:

BRIN & BRIN, P.C.
1202 Third Street
Corpus Christi, Texas 78404
(361) 881-9643
(361) 883-0506

12/29/99 WED 9:13 [TX/RX NO 8859]

# STC Constructors, LC
## General Contractor

**Repair Water Damage Housing Units**
**FY66 Family Housing**
**Contract N62467-98-C-8385**

Subcontract #98-8005-15-01

STC Constructors, LC
P.O. Box 18784
Corpus Christi, Texas 78480
512 939-9080

Hereinafter referred to as STC and

Swift Air Conditioning, Inc.
2101 Leopard Street
Corpus Christi, Texas 78408
512 882-2311

Hereinafter referred to as Swift Air

Swift Air hereby agrees that they will fully and faithfully perform all labor, furnish all material, and all other appurtenances necessary for the complete installation and completion of all portion of the contract requirements for the HVAC portion to include the following:

1. Labor, Material, Equipment, Supervision and Insurance
2. HVAC Demolition
3. Fabricate, furnish & install sheetmetal ductwork and insulation
4. Furnish & Install HVAC equipment
5. 100% Performance and 50% Payment Bond
6. Attachment No. 1 shall become part of this subcontract.

Work shall be performed in strict accordance as per plans and specifications as prepared by the Resident Officer in Charge of Construction and as provided by STC.

Whereas, for and in consideration of the sum of:

Two Hundred Twenty One Thousand Six Hundred Seventeen Dollars
$221,617.00

Now, therefore and in consideration of the sum above set forth, and the mutual and reciprocal obligations herein contained, STC and Swift Air agree to any and all conditions on pages 2, 3, and 4.

P O Box 18784    Corpus Christi, Texas 78480                    (512) 939-9080  939-7984 (fax)


EXHIBIT A

DEC-29-99 11:40 AM  INS.SERVICE.AGY.  5128553939  P.04

Page 2
Subcontract 8005-15-01

## Conditions

1. Swift Air shall furnish all labor, services, materials and perform all work necessary or incidentally required for the completion of the above mentioned work in accordance with the plans and specifications set forth in the above described agreement between STC and Owner at Swift Air's own cost and expense.

2. All work shall be executed by skilled and reputable mechanics and laborers, and shall be in full compliance with the plans, drawings, contract, specifications and addenda aforesaid and subject to approval and acceptance of the Owner.

3. Swift Air further agrees to comply with the following insurance requirements:

   Certificate of Insurance shall meet all necessary limits as spelled out in specifications and pertaining to your appropriate classification and Certificate of Insurance shall include but not be limited to the following:

   a. Comprehensive General Liability with limits over $500,000.
   b. Comprehensive Automobile Liability over $300,000.
   c. Comprehensive Workman's Compensation – Statutory
   d. STC will be named as additional insured on all policies

4. Swift Air shall commence work under this contract immediately upon the section of work being ready and in accordance with STC's project schedule.

5. Swift Air shall be responsible for its own work and every part thereof, and all the work of does assume all risk of damage, injury or death from whatever cause to property or persons used or employed by Swift Air or his sub-subcontractors or in connection with its, or its sub-subcontractors work, and all damages, injury or death from any cause to property wherever from any operation under this contract or in any way connected with his work and undertake and promise to protect, defend and indemnify STC against all claims on account of any such damage, injury or death.

6. It is further agreed that time is of the essence of this contract and if Swift Air fails to prosecute said work or furnish said material as required by STC, or to comply with the terms of said contract as to quality of material or workmanship, or fail to furnish material and complete said work on or before the dates set forth, Swift Air agrees that STC may deduct from amount due to Swift Air, all damages to said Contractor for said delay as determined by the Owner or STC. STC may on three (3) days written notice (but not to be prejudicial in any manner), relet the said work, or any part thereof, or purchase materials as he may determine, and proceed therewith, and that all costs for said material and expense of such labor shall be charged to Swift Air and be treated as payments to Swift Air and that Swift Air shall be liable for any excess of expenditure so made by STC over the contract price.

Page 3
Subcontract 8005-15-01

7. STC shall be notified in writing of any delays in delivery of materials to the jobsite, and the amount of time requested for delivery of items after receipt of approvals.

8. It is agreed that this contract or any portion thereof will not be assigned or sublet by Swift Air without written approval of STC.

9. In consideration of the faithful performance by Swift Air of all covenants and the conditions aforesaid, STC agrees to pay Swift Air the sum aforesaid, to be paid as the work progresses, on estimates to be made of the proportionate amount of materials delivered and accepted and work properly done by Swift Air, such payments to be one hundred (100%) of the amount of such estimate. All waivers of lien, if required, will be submitted to Contractor upon request. If the owner holds retainage, the same retainage amount will be held from Swift Air's pay estimate.

10. In order to receive partial payments during the progress of the work, Swift Air shall submit periodic requests for partial payments to STC on or before 12:00 noon on the 25th day of the following month. If STC does not receive these requests for payments at such time stated, then payment to Swift Air will not be made until the next month following receipt. A Schedule of Values of the contract amount shall be submitted for approval with the return of this contract. Progress payments to Swift Air shall be made within five working days after STC's receipt of payment from the owner

11. Upon request, Swift Air shall submit a complete list of his major suppliers and/or Sub-Subcontractors who will be providing material and/or labor for the operation of this contract, and shall submit with each payment request waivers of lien from each major supplier and/or Sub-Subcontractor.

12. Charges from Swift Air to Contractor or any other Sub-Subcontractor (any tier) on this project will not be honored or paid by STC unless the charges are authorized and approved by STC.

13. Swift Air shall comply with all federal, state and municipal laws, codes, regulations and ordinances effective where the work under this contract is to be performed, and to pay all taxes and contributions imposed or required by any law for any employment insurance, pensions, old age retirement funds, or similar purposes, in respect to the work under this contract and the employees of the Swift Air in the performance of said work. Certified payroll reports shall be submitted on a weekly basis. No monthly payments will be made if all payroll reports are not current.

14. Swift Air agrees to abide by STC's decision as to the allotment of all storage and working space at the building site or in the building.

15. Swift Air agrees to remove from the building, as often as directed by STC, all rubbish, debris or surplus materials which may accumulate from the prosecution of the work covered by this contract, and should Swift Air fail to do so upon notice, STC may, at his option, cause the same to be removed at Swift Air's expense.

Page 4
Subcontract 8005-15-01

16. Swift Air agrees to guarantee its work against all defects of materials or workmanship, as called for in the Contract Documents, then for a period of one (1) year from the date of completion of said work and acceptance of the contract by Owner.

17. Swift Air has read and is thoroughly familiar with said Contract Documents and agrees to be bound to STC by the terms of said Contract Documents insofar as they relate in any part or in any way to the work undertaken herein, and to assume towards STC, in connection with the work covered by this contract, all of the obligations and responsibilities which STC by those documents assume towards the Owner, or any one else.

18. Since STC is an Open Shop Contractor and is obligated only to the Federal and State Laws concerning working conditions, wage scales, benefits, etc., the STC will continue the job regardless of pickets, work stoppages, slowdowns, or other harassment's by any of the organized labor unions. Swift Air agrees that it will proceed with its work and maintain the schedule set by STC regardless of the above mentioned union harassment's. Swift Air agrees that if it is unable to maintain the schedule due to these union harassment's, the STC may take over his job on one (1) days written notice and finish the job according to paragraph six (6) above.

19. Swift Air is to furnish shop drawings, catalogue cuts, or samples, and will submit these immediately upon receipt of this order.

STC Constructors, LC                                    Swift Air Conditioning, Inc.

_Ralph Durden_  11/18/98                                _Eli Castaneda_
Ralph Durden          Date                              Eli Castaneda            Date
Vice President                                          President

*STC Constructors, LC*
*Contract N00000-00-C-0000*
*Repairs to Water Damaged Housing*

# ATTACHMENT NO. 1
# SWIFT AIR CONDITIONING, INC.
## Subcontract 98-8005-15-01

| TYPE | QTY | $ PER UNIT TYPE | TOTAL PER UNIT TYPE |
|---|---|---|---|
| EM1 | 17 | $ 5,688.30 | $ 96,701.10 |
| EM4 | 4 | $ 6,053.24 | $ 24,212.96 |
| JO1 | 7 | $ 6,196.50 | $ 43,375.50 |
| JO3 | 1 | $ 6,343.34 | $ 6,343.34 |
| JO5 | 5 | $ 5,160.42 | $ 25,802.10 |
| FG2 | 3 | $ 6,242.24 | $ 18,726.72 |
| Subtotal | | | $ 215,161.72 |
| Bond Fees | | 3% | $ 6,454.85 |
| Total Contract Amount | | | $ 221,616.57 |