United States District Court
Southern District of Texas
FILED

MAR 13 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| FOR THE USE AND BENEFIT OF | § | |
| SWIFT AIR CONDITIONING, INC. | § | CIVIL ACTION NO. C-00-059 |
| | § | |
| VS. | § | JURY TRIAL DEMANDED |
| | § | |
| STC CONSTRUCTORS, L.L.C. | § | |
| AND AMWEST SURETY | § | |
| INSURANCE COMPANY | § | |

**DEFENDANTS', STC CONSTRUCTORS, L.L.C. AND
AMWEST SURETY INSURANCE COMPANY, ANSWER TO
PLAINTIFF'S COMPLAINT, COUNTERCLAIM, THIRD
PARTY COMPLAINT AND JURY DEMAND**

Defendants, STC Constructors, L.L.C. (STC) and Amwest Surety Insurance Company (Amwest), file this their Answer to Plaintiff's Complaint.

### Nature of Action

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

### Parties

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. STC denies that it is a Texas corporation; it is a Texas limited liability company. Defendants admit that STC's registered agent is Mary L. Arana but deny the remaining allegations contained in paragraph 3 of the Complaint.

5.

4. Defendants deny that Amwest is a Texas corporation. Amwest is a Nebraska corporation licensed to do business in the State of Texas, including acting as surety on Miller Act bonds. Defendants admit the allegations in paragraph 4 of the Complaint regarding Amwest's registered agent.

## Jurisdiction

5. Defendants admit the allegations of paragraph 5 of the Complaint.

6. Defendants admit the allegations of paragraph 6 of the Complaint.

7. Defendants admit the allegations of paragraph 7 of the Complaint.

8. Defendants admit that STC entered into contract N62467-98-C-9385 with the United States of America for the repair of water damage to housing units at the Naval Air Station, Corpus Christi, Texas.

9. Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

## Count 2

14. Defendants rely on their previous responses to paragraphs 1-13.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

## Count 3

17. Defendants rely on their previous responses to paragraphs 1-16.

18. Defendants admit the allegations of paragraph 18 as to the payment bond and deny as to the performance bond.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants admit that STC has not paid Swift Air $129,197.57, but Swift Air is not entitled to such payment.

21. Defendants admit the allegations of paragraph 21 of the Complaint.

22. Defendants admit that the contract between STC and the United States of America was to be performed in Corpus Christi, Nueces County, Texas. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the remainder of paragraph 22 of the Complaint.

## Count 4 - Pendent State Claim

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

## Counterclaim

STC, as Counter-Plaintiff, complains of Swift Air, as Counter-Defendant, and for cause of action alleges the following by way of Counterclaim.

28. STC and Swift Air executed a subcontract in the amount of $438,398.00 whereby Swift Air agreed to furnish labor, services, materials and perform all work necessary for refurbishing HVAC equipment under STC's Repair Water Damage Housing Units Contract (the Project) at the Naval Air Station Corpus Christi. The $438,398.00 subcontract included 74 housing units. However, Swift Air did not complete the condition precedent to the subcontract in that it failed to provide a payment and performance bond as required by the subcontract. Swift Air did not have the financial resources to provide the payment and performance bond required by the $438,398.00 subcontract. In an effort to assist Swift Air, STC offered to allow Swift Air to perform the subcontract work for 37 housing units if Swift Air could provide a payment and performance bond for this reduced contract amount.

29. Swift Air was able to provide a payment and performance bond for a subcontract for 37 units and STC and Swift Air executed a subcontract in the amount of $221,617.00 for 37 units (the Subcontract).

30. After work began on the Project, it was discovered that certain dimensions on the plans were inaccurate, and modifications were made to the plans to correct these discrepancies. STC did not prepare the plans with the discrepancies. The discrepancies

necessitated changes to the scope of work which affected Swift Air's Subcontract amount and scope of work.

31. From the beginning of the Subcontract, Swift Air failed to adequately man the Project and breached the Subcontract by failing to perform its work in a good and workmanlike manner. The poor workmanship included the following: inadequately sealed rigid board, failure to protect insulation and duct work from damage to corners of the duct work, failure to properly seal sheetmetal duct joints and failure to install dampers where required.

32. Swift Air also was in default under the Subcontract for failure to comply with Subcontract requirements, including the following: failure to notify STC in writing of any delays in delivery of materials to the job site, failure to adequately man the Project, failure to submit pay applications in proper form and failure to submit certified payroll reports.

33. STC expended a considerable amount of time and effort to attempt to have Swift Air comply with its Subcontract. Swift Air's breaches continued, and as a result, STC terminated Swift Air's Subcontract by written notice dated February 18, 1999.

34. Since terminating Swift Air's Subcontract, STC has hired a replacement subcontractor to correct Swift Air's non-conforming work and to complete the Project.

35. Swift Air further breached the Subcontract by failing to pay its suppliers for materials used on the Project. STC has been notified of unpaid bills by several of Swift Air's material suppliers.

36. STC will be required to pay the valid claims of Swift Air's suppliers and to pay for the cost of completion of Swift Air's Subcontract. It is anticipated that the cost to complete Swift Air's Subcontract will be in excess of the Subcontract amount and STC hereby sues for such amount.

37. STC has employed the undersigned attorney to represent it in bringing this action and STC sues for reasonable attorney's fees for the preparation and trial of this case. STC further sues for additional attorney's fees in the event of an appeal.

### Defendant's Third Party Complaint Against Chatham Reinsurance Corporation

STC and Amwest, as Third Party Plaintiffs, complain of Chatham Reinsurance Corporation (Chatham) and for cause of action allege the following by way of Third Party Complaint.

38. Third Party Defendant, Chatham, is a California Corporation and may be served with summons by service on its registered agent, Corporation Service Company, 800 Brazos, Austin, Texas 78701.

39. Chatham, as surety, issued a performance bond wherein Swift Air is principal and STC is obligee. The bond was issued in the amount of $221,617.00 and was conditioned that the principal, Swift Air, faithfully perform the work in its subcontract with STC in accordance with the plans, specifications and contract documents. A true and correct copy of the performance bond issued by Chatham is attached hereto as Exhibit "A".

40. Chatham, as surety, issued a payment bond wherein Swift Air is principal and STC is obligee. The payment bond is in the amount of $110,808.50 and conditioned that principal, Swift Air, shall pay all claimants supplying labor and materials to it or a subcontractor in the prosecution of the work under the contract between Swift Air and STC. A true and correct copy of the payment bond is attached hereto as Exhibit "B".

41. As set forth in STC's Counterclaim, Swift Air defaulted in the performance under its contract with STC. In addition, as set forth in the Counterclaim, Swift Air breached its subcontract by failing to pay its suppliers for materials used on the project. STC has been notified of unpaid bills by several of Swift Air's material suppliers.

42. As a result of these breaches, Chatham, as surety on the performance bond and the payment bond, is obligated to STC for all damages caused by Swift Air's breaches as set forth in the Counterclaim above.

43. STC has employed the undersigned attorney to represent it in bringing this action and STC sues for reasonable attorney's fees for the preparation and trial of this case. STC further sues for additional attorney's fees in the event of an appeal.

## Jury Demand

44. Defendants demand trial by a jury.

WHEREFORE, Defendants, STC Constructors, L.L.C. and Amwest Surety Insurance Company, request judgment of the Court as follows:

1. That Plaintiff take nothing by this suit.

2. That Defendants recover their damages against Plaintiff.

3. That Defendants recover their damages against Third Party Defendant, Chatham Reinsurance Corporation.

4. That Defendants recover all costs together with such other and further relief to which they may be justly entitled.

Respectfully submitted,

THE HATCH LAW FIRM
802 N. Carancahua, Suite 665
Corpus Christi, Texas 78470
Telephone: (361) 698-7898
Telecopier: (361) 698-7717

By: _____
Richard J. Hatch, Jr.
State Bar No. 09216200
Attorney-in-Charge

ATTORNEYS FOR DEFENDANTS, STC CONSTRUCTORS, L.L.C. AND AMWEST SURETY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

  I do hereby certify that a true and correct copy of the above and foregoing Defendants', STC Constructors, L.L.C. and Amwest Surety Insurance Company, Answer to Plaintiff's Complaint, Counterclaim, Third Party Complaint and Jury Demand was this _13th_ day of March, 2000, mailed by certified mail, return receipt requested, to the following person:

Simon B. Purnell
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, Texas 78404

_____
Richard J. Hatch, Jr.

s:\rhj\cases\stc\swift air-federal\answer.wpd

-9-

BOND PREMIUM BASED ON FINAL CONTRACT PRICE

BOND No. HDP 000251

## TEXAS STATUTORY PERFORMANCE BOND
(PUBLIC WORKS)

KNOW ALL MEN BY THESE PRESENTS, That __Swift Air Corporation__ (hereinafter called the Principal), as Principal, and __Chatham Reinsurance Corporation__ a corporation organized and existing under the laws of the State __New Jersey__ licensed to do business in the State of Texas and admitted to write bonds, as surety, (hereinafter called the Surety), are held and firmly bound unto __STC Constructors, LC__ (hereinafter called the Obligee), in the amount of __Two Thundred Twenty One Thousand, Six Hundred Seventeen & 00/100__ (Dollars) ($ __221,617.00__ ) for the payment whereof, the said Principal and Surety bind themselves, and their heirs, administrators, executors, successors, and assigns, jointly and severally, firmly by these presents:

WHEREAS, the Principal has entered into a certain contract with the Obligee, dated the __13th__ day of __November__, 19__98__, for __Subcontract No. 98-8005-15-01 - Repairs to Water Damaged Housing__ which contract is hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, That if the said Principal shall faithfully perform the work in accordance with the plans, specifications and contract documents, then this obligation shall be null and void; otherwise to remain in full force and effect;

PROVIDED, HOWEVER, that this bond is executed pursuant to the provisions of Chapter 2253 of the Texas Government Code and all liabilities on this bond shall be determined in accordance with the provisions, conditions and limitations of said Chapter to the same extent as if it were copied at length herein.

IN WITNESS WHEREOF, the said Principal and Surety have signed and sealed this instrument this __18th__ day of __November__, 19__98__.

ATTEST:
By: _[signature]_
(Seal)

APPROVED AS TO FORM:
By: _[signature]_
Obligee

PRINCIPAL:
By: _[signature]_

SURETY:
By: _[signature]_
Mark R. DeHart, Atty-in-Fact

# EXHIBIT "A"

**BOND PREMIUM BASED ON FINAL CONTRACT PRICE**

BOND No. HDP 000251

## TEXAS STATUTORY PAYMENT BOND
### (PUBLIC WORKS)

KNOW ALL MEN BY THESE PRESENTS: That **Swift Air Corporation** (hereinafter called the Principal), as Principal, and **Chatham Reinsurance Corporation**, a corporation organized and existing under the laws of the State of **New Jersey**, licensed to do business in the State of Texas and admitted to write bonds, as Surety (hereinafter called the Surety), are held and firmly bound unto **STC Constructors, LC** (hereinafter called the Obligee), in the amount of **One Hundred Ten Thousand Eight Hundred Eight & 50/100** Dollars, ($110,808.50) for the payment whereof, the said Principal and Surety bind themselves, and their heirs, administrators, executors, successors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal has entered into a certain contract with the Obligee, dated the **13th** day of **November**, 19 **98**, for **Subcontract No. 98-8005-15-01 - Repairs to Water Damaged Housing** which contract is hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, That if the said Principal shall pay all claimants supplying labor and material to him or a subcontractor in the prosecution of the work provided for in said contract, then this obligation shall be null and void; otherwise to remain in full force and effect;

PROVIDED, HOWEVER, that this bond is executed pursuant to the provisions of Chapter 2253 of the Texas Government Code and all liabilities on this bond shall be determined in accordance with the provisions, conditions and limitations of said Chapter to the same extent as if it were copied at length herein.

IN WITNESS WHEREOF, the said Principal and Surety have signed and sealed this instrument **18th** day **November**, 19 **98**.

ATTEST:
By: [signature]
(Seal)

APPROVED AS TO FORM:
By: [signature]
Obligee

PRINCIPAL:
By: [signature] Eladio Castaneda

SURETY:
By: [signature] Mark R. DeHart
Mark R. DeHart, Atty-in-Fact

EXHIBIT "B"

# CHATHAM REINSURANCE CORPORATION

## POWER OF ATTORNEY FOR BONDS AND UNDERTAKINGS

Know All Men by These Presents: That Chatham Reinsurance Corporation, a corporation of the State of California, does hereby appoint Mark R. DeHart its true and lawful Attorney (s)-in-Fact, each individually if there be more than one name, to make, execute, sign, acknowledge, affix the Company Seal to, deliver any and all surety bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature of a bond, for and on behalf of said Corporation and as an act and deed of said Corporation, NOT TO EXCEED THREE MILLION DOLLARS FOR ANY BOND OR CONTRACT PRICE.

IN WITNESS WHEREOF, Chatham Reinsurance Corporation of the State of California has executed these presents this 4th day of November, 1997.

Jeremy R. Wallis, President

STATE OF NEW JERSEY  )
COUNTY OF MORRIS     ) ss

On this 4th day of November, 1997 came before me Jeremy R. Wallis, the above named officer of Chatham Reinsurance Corporation, located in Florham Park, New Jersey, to me personally known to be the individual and officer described herein and acknowledge that he executed the foregoing instrument and affixed the seal of said Corporation thereto by authority of this office.

Frances. A. Frazzano
Notary Public, State of New Jersey
My term expires on May 10, 2002

RESOLVED, that the signatures and attestations of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating to the Power of Attorney by facsimile seal shall be valid and binding upon the Company with respect to any bond, undertaking, recognizance or other contract of indemnity or writing obligatory in the nature thereof.

I, Christopher T. Suarez, Secretary of Chatham Reinsurance Corporation, located in Florham Park, New Jersey, do hereby certify that the above and foregoing to be a true and correct copy of a Power of Attorney executed by said Chatham Reinsurance Corporation, located in Florham Park, New Jersey, which is still in full force and effect.

IN WITNESS WHEREOF, I have herewith set my hand and affixed the seal of said Corporation this 18th day of November, 19 98.

Christopher T. Suarez, Secretary

02452

HDP 000251

# United States District Court

__SOUTHERN__ DISTRICT OF __TEXAS__
Corpus Christi Division

**PLAINTIFF**
The United States of America for the Use and Benefit of Swift Air Conditioning, Inc.

**V. DEFENDANT AND THIRD PARTY PLAINTIFF**

STC Constructors, L.L.C. and Amwest Surety Insurance Company

**V. THIRD PARTY DEFENDANT**

Chatham Reinsurance Corporation

## THIRD PARTY SUMMONS IN A CIVIL ACTION

CASE NUMBER: C-00-059

**TO:** (Name and Address of Third Party Defendant)

Chatham Reinsurance Corporation, by serving its registered agent,
Corporation Service Company
800 Brazos
Austin, Texas 78701

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address)

Simon B. Purnell
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, Texas 78404

**DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY** (name and address)

Richard J. Hatch, Jr.
The Hatch Law Firm
802 N. Carancahua, Suite 665
Corpus Christi, Texas 78470

an answer to the third-party complaint which is herewith served upon you within __20__ days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against *you* in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.

MICHAEL N. MILBY, CLERK

**CLERK**

[signature]

**(BY) DEPUTY CLERK**

March 13, 2000

**DATE**