United States District Court
Southern District of Texas
FILED

MAY 1 2 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>FOR THE USE AND BENEFIT OF<br>SWIFT AIR CONDITIONING, INC., | §<br>§<br>§ | CIVIL ACTION NO. C-00-059 |
| Plaintiff | § | |
| VS. | § | JURY TRIAL DEMANDED |
| STC CONSTRUCTORS, L.L.C.<br>AND AMWEST SURETY<br>INSURANCE COMPANY, | §<br>§<br>§ | |
| Defendants and<br>Third Party Plaintiffs, | § | |
| VS. | § | |
| CHATHAM REINSURANCE<br>CORPORATION, | §<br>§ | |
| Third Party Defendant. | § | |

## JOINT REPORT OF THE MEETING AND JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26, FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The Rule 26(f) meeting was held on March 28, 2000 at the offices of Brin & Brin in Corpus Christi, Texas. The Plaintiff, Swift Air Conditioning, Inc. (Swift Air), was represented by Simon B. Purnell and David Walsh. The Defendants, STC Constructors, L.L.C. (STC) and Amwest Surety Insurance Company (Amwest), were represented by Richard J. Hatch, Jr. The Third Party Defendant, Chatham Reinsurance Corporation (Chatham), had not entered an appearance at that time. The Rule 26(f) meeting was continued by telephone on May 11, 2000 with Chatham participating.**

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    **Swift Air Corporation v. STC Constructors, LLC and Ralph Durden, Individually**
    **Cause No. 99-9526-C**
    **94th Judicial District, Nueces County, Texas**

    **AES of South Texas v. Swift Air Corporation**
    **Cause No. 257024**
    **County Court at Law No. 2, Bexar County, Texas**

3.  <u>Briefly</u> describe what this case is about.

    **Swift Air Corporation has sued STC Constructors, LLC and Amwest Surety Reinsurance Company for labor and materials furnished to STC Constructors, LLC for repairing water damage to housing units at the Naval Air Station, Corpus Christi, Texas. Swift Air has sued STC and Amwest to recover damages for breach of contract. Additionally, Swift Air has sued STC and Amwest to recover the value of benefits conferred by Swift Air upon STC and Amwest on a quantum meruit basis. Finally, Swift Air, as use plaintiff under the Miller Act, has sued for payment under the payment bond provided by Amwest.**

    **STC has filed a Counterclaim against Swift Air and a Third Party Action against Chatham. STC alleges that Swift Air defaulted under its subcontract with STC and as a result of the default, STC terminated Swift Air's subcontract. STC hired a replacement subcontractor to complete the work under Swift Air's subcontract. STC anticipates that the cost to complete Swift Air's subcontract and repair defective work performed by Swift Air will be in excess of the balance of the subcontract between STC and Swift Air. Chatham provided a payment and performance bond for Swift Air as principal, and STC has joined Chatham under the performance bond.**

    **Chatham issued a common law payment and performance bond in connection with Swift Air's obligations to STC under its subcontract for HVAC work at housing units at the Naval Air Station in Corpus Christi. Chatham has been joined as a third-party defendant by STC as a result of STC's counterclaims against Swift. The dispute between Swift and STC is described hereinabove.**

4. Specify the allegation of federal jurisdiction.

   **The Court has jurisdiction pursuant to 40 U.S.C.S. § 270b(b).**

5. Name the parties who disagree and the reasons.

   **None.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None insofar as Swift and STC are concerned. However, with respect to Chatham, neither the investigation of the facts relating to this case, nor the discovery pertaining thereto have been completed. Chatham may seek to join Swift Air and/or its principals, Eladio Castaneda and Delia Castaneda, for indemnity for any claim on the bond should facts be revealed which forms a basis for seeking such indemnity. However, at the current time, Chatham is not adverse to Swift and are both defending STC's counterclaims.**

7. List anticipated interventions.

   **None**

8. Describe class action issues.

   **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties have agreed to complete their respective initial disclosures by June 16, 2000.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       1. **The parties have agreed to complete their respective initial disclosures by June 16, 2000. The parties propose that the deadline**

- 3 -

>   to file dispositive motions and the discovery deadline as set forth in the proposed Scheduling Order be changed to November 15, 2000.
>
>   2.   The subjects on which Swift Air will need discovery will relate to the following: STC's contract with the Navy, STC's contract with Swift Air, STC's scheduling, payments by the Navy to STC, communications between STC and the Navy, documents reflecting completion of the units, documents reflecting the decision to terminate the contract between Swift Air and STC.
>
>   The subjects on which STC and Amwest will need discovery will relate to the following: Swift Air's difficulty in obtaining bonding, Swift Air's material orders, Swift Air's completion or attempted completion of units, the amounts owed by Swift Air to suppliers for materials on the project and the details regarding the dollar amount of Swift Air's claims. Discovery should be completed by November 15, 2000. The parties do not anticipate that discovery should be conducted in phases or be limited to or focused on particular issues.
>
>   Chatham will need discovery on all issues involving potential liability under the payment and performance bond issued to Swift Air in connection with its subcontract with STC which will include the same subjects for which Swift Air and STC need discovery. In addition, Chatham may need discovery of facts relevant to any claim for indemnity as described in paragraph 6.
>
>   3.   The parties do not anticipate that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by Local Rules.
>
>   4.   The parties do not anticipate that any other orders should be entered by the Court other than the proposed Scheduling Order.

B.   When and to whom the Plaintiff anticipates it may send interrogatories.

   **Swift Air anticipates that it may send interrogatories to STC, Amwest and Chatham by July 31, 2000.**

C.   (i)   When and to whom the Defendant anticipates it may send interrogatories.

- 4 -

        **STC and Amwest anticipate they may send interrogatories to Swift Air and Chatham by July 31, 2000.**

    (ii)    When and to whom the Third Party Defendant anticipates it may send interrogatories.

        **Chatham anticipates it may send interrogatories to Swift Air, STC and Amwest by July 31, 2000.**

D.    Of whom and by when the Plaintiff anticipates taking oral depositions.

**Swift Air anticipates taking the oral depositions of one or more representatives of the owner, one or more representatives of STC, one or more representatives of STC's replacement subcontractor and any experts designated by STC, Amwest or Chatham. The depositions will be taken after written discovery is served but before November 15, 2000.**

E.    (i)    Of whom and by when the Defendant anticipates taking oral depositions.

        **STC anticipates taking the oral depositions of one or more representatives of the owner, one or more representatives of Swift Air, Swift Air's bonding agent, Swift Air's suppliers, one or more representatives of Chatham and any experts designated by Swift Air or Chatham. The depositions will be taken after written discovery is served but before November 15, 2000.**

    (ii)    Of whom and by when the Third Party Defendant anticipates taking oral depositions.

        **Chatham anticipates taking the oral depositions of one or more representatives of the owner, one or more of the representatives of STC, representatives of other subcontractors who completed the work which was the subject of the disputed subcontract and any experts designated by Swift Air, STC or Amwest. The depositions will be taken after written discovery is served but before November 15, 2000. To the extent any claim for indemnity as described in paragraph 6 is asserted, Chatham may also seek to depose Swift Air and/or its principals, Eladio Castaneda and Delia Castaneda.**

F.  When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**The parties will be able to designate experts and provide reports and the opposing party will be able to designate responsive experts and provide reports pursuant to the Court's proposed Scheduling Order.**

G.  List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**See 10F.**

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**See 10F.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**None.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

13. State the date the planned discovery can reasonably be completed.

**November 15, 2000.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**In connection with making their initial disclosures, the parties have been discussing settlement with their clients in an attempt to make a prompt resolution.**

15. Describe what each party has done or agreed to do or bring about a prompt resolution.

   **Prior to suit being filed the Plaintiff and Defendants had met on numerous occasions to discuss settlement and the parties continue to evaluate with their counsel the costs and risks involved if a settlement is not achieved.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

   **The parties agree that mediation is a reasonable alternative dispute resolution technique in this case and that such technique could be used after initial disclosures have been made.**

17. Magistrate judges may now hear jury and non jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   **None of the parties object to referral to a Magistrate Judge.**

18. State whether a jury demand has been made and if it was made on time.

   **STC and Amwest have made a timely jury demand.**

19. Specify the number of hours it will take to present the evidence in this case.

   **The parties anticipate that it will take 30 hours to present all the evidence in this case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **None.**

21. List other motions pending.

   **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **None.**

23. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

    **Swift Air filed its Certificate of Interested Parties on February 29, 2000. STC and Amwest filed Defendants' Disclosure of Interested Persons on March 16, 2000. Chatham will file its Disclosure of Interested Persons on or before May *19*, 2000.**

24. List the name, bar numbers, addresses and telephone numbers of all counsel.

    | | |
    |---|---|
    | **Counsel for Swift Air:** | **Simon B. Purnell** <br> **State Bar No. 24003889** <br> **Federal I.D. No. 23509** <br> **David Walsh** <br> **State Bar No. 00786327** <br> **Federal I.D. No. 16319** <br> **Brin & Brin, P.C.** <br> **1202 Third Street** <br> **Corpus Christi, Texas 78404** <br> **Telephone: (361) 881-9643** <br> **Telecopier: (361) 883-0506** |
    | **Counsel for STC and Amwest:** | **Richard J. Hatch, Jr.** <br> **State Bar No. 09216200** <br> **The Hatch Law Firm** <br> **802 N. Carancahua, Suite 665** <br> **Corpus Christi, Texas 78470** <br> **Telephone: (361) 698-7898** <br> **Telecopier: (361) 698-7717** |
    | **Counsel for Chatham:** | **Robert E. Birne** <br> **State Bar No. 02342100** <br> **Olson Gibbons Wilbur Nicoud Birne & Gueck, L.L.P.** <br> **2200 Ross Avenue, Suite 2525** <br> **Dallas, Texas 75201-6770** <br> **Telephone: (214) 979-7300** <br> **Telecopier: (214) 979-7301** |

|  |  |
|---|---|
|  | COUNSEL FOR PLAINTIFF, SWIFT AIR CONDITIONING, INC.: |
| Date: 5·12·2000 | /s/ Simon Purnell<br>Simon B. Purnell |
|  | COUNSEL FOR DEFENDANTS AND THIRD PARTY PLAINTIFFS, STC CONSTRUCTORS, L.L.C. AND AMWEST SURETY INSURANCE COMPANY: |
| Date: 5·12·2000 | /s/ Richard Hatch, w/permission, by Simon Purnell<br>Richard J. Hatch, Jr., with permission by Simon B. Purnell |
|  | COUNSEL FOR THIRD PARTY DEFENDANT, CHATHAM REINSURANCE CORPORATION: |
| Date: 5·12·2000 | /s/ Robert Birne, w/permission by Simon Purnell<br>Robert E. Birne, with permission by Simon B. Purnell |

s:\rhj\cases\stc\swift air-federal\joint report.wpd

- 9 -